Filed 4/30/26  P. v. Fields CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEVIN ELLIOT FIELDS,<br><br>    Defendant and Appellant. | F089224<br><br>(Super. Ct. No. 08CM7005HTA)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.  (Retired judge of the Kings Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Dina Petrushenko and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Franson, J. and Snauffer, J.

Appellant Kevin Elliot Fields appeals from the judgment entered after a resentencing hearing conducted pursuant to Penal Code[1] section 1172.75 (formerly § 1171.1).  He contends:  (1) pursuant to section 1465.9, the $5,000 restitution fine (§ 1202.4, subd. (b)) that appears on the amended abstract of judgment must be stricken because it is more than 10 years old, and (2) the matter must be remanded for a determination of custody credits.

Respondent agrees the abstract of judgment must be amended to reflect deletion of the restitution fine, as well as the corresponding parole revocation fine (§ 1202.45, subd. (a)) but contends remand for determination of custody credits is unnecessary.

We modify the judgment to reflect the $5,000 restitution fine imposed pursuant to section 1202.4, subdivision (b) is vacated pursuant to section 1465.9, subdivision (d).  As so modified, the judgment is affirmed.

## RELEVANT PROCEDURAL BACKGROUND

In 2000, in San Joaquin County case No. SF077816B (the San Joaquin County case), appellant was convicted of assault with force likely to cause great bodily injury (§ 245; count 3), with true findings that he used a deadly or dangerous weapon (§ 12022, subd. (b)) and a firearm (§ 12022.7, subd. (a)) and that he had suffered four prior prison terms (§ 667.5, subd. (b)) and a prior serious felony conviction (§ 667, subd. (a)).  He was sentenced pursuant to the "Three Strikes" law to a prison term of 25 years to life plus 13 years.

In 2009, while incarcerated in Kings County for the San Joaquin County case, appellant was convicted by jury of two counts of battery upon a nonconfined person by a confined person (§ 4501.5; counts 1 & 2).  He thereafter admitted to suffering two prior strike convictions (§§ 667, subds. (b)–(i); 1170.12, subds. (a)–(d))—a 1982 conviction

---

[1]     All further undesignated statutory references are to the Penal Code.

for forcible rape (former § 261, subd. (2), now § 261, subd. (a)(2))[2] and a 1994 conviction for attempted robbery (§§ 664/211)—and three prior prison terms (§ 667.5, subd. (b)).

As to each count, the trial court sentenced appellant to a prison term of 25 years to life for the substantive offense, plus three years for the prior prison term enhancements, and stayed the sentence on count 2 pursuant to section 654. The court ordered the sentence to run consecutively to the term he was serving in the San Joaquin County case. Appellant was awarded no time credits. The court also imposed a $5,000 restitution fine pursuant to section 1202.4 and a corresponding parole revocation fine pursuant to section 1202.45.

In March 2024, the trial court conducted a hearing pursuant to section 1172.75.[3] Appellant requested the court strike a strike prior pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court struck appellant's section 667.5, subdivision (b) enhancements but stated it was "not going to accept and take up [appellant's] invitation for resentencing." The court directed the clerk to prepare an amended abstract of judgment.

An amended abstract of judgment was filed on July 26, 2024. It deleted all section 667.5, subdivision (b) enhancements, including the three imposed in the Kings County case and four imposed in the San Joaquin County case; reflected the $5,000 restitution fine and $5,000 parole revocation fine; and indicated appellant had zero custody credits. The amended abstract reflected that appellant was serving, as to the San Joaquin County

---

[2]    The charging document and the parties refer to appellant's forcible rape conviction as a "261.2," which appears to be a reference to former section 261, subdivision (2), now section 261, subdivision (a)(2). (See *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1093 & fn 1.)

[3]    Section 1172.75 provides a resentencing procedure for defendants serving a sentence for the recently declared invalid prior prison term enhancement under section 667.5, subdivision (b).

3.

case, an "incomplete" sentence of 25 years to life plus nine years, plus, as to the Kings County case, a consecutive term of 25 years to life.

Thereafter, the trial court set a hearing on appellant's *Romero* motion.[4]

The hearing was continued a number of times and ultimately conducted on November 18, 2024. The trial court confirmed that the record reflected the prison priors had already been stricken, heard evidence and argument from the parties on the *Romero* motion, and ultimately denied the request. The court ordered an amended abstract of judgment be prepared reflecting the prison prior enhancements being struck, stating, "Otherwise the judgments are affirmed."[5]

---

[4] The procedural background of this case is a little unclear and somewhat convoluted. We know this case came before the trial court pursuant to section 1172.5. As such, the court was required to "recall the sentence and resentence" appellant, applying the sentencing rules of the Judicial Council and any other changes in the law that reduce sentences or provide for judicial discretion. Essentially, appellant was entitled to a full resentencing hearing. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

At the March 2024 hearing, the trial court did not conduct the required resentencing and instead stated it was not "taking up [appellant's] invitation for resentencing." This may be because, in conjunction with the section 1172.75 proceedings, appellant was seeking recall and resentencing pursuant to the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)). Appellant's request, however, was reliant on the court's granting appellant's unusual request to "reduce" his forcible rape conviction to a felony sexual battery conviction. Thus, at the March 2024 hearing, it appears the court intended to decline this request but did not resentence appellant as provided in section 1172.75.

We surmise the trial court placed appellant's *Romero* motion on calendar in order to comply with its duty to resentence appellant under section 1172.75. By then, appellant appeared to have abandoned his efforts to be resentenced under the Three Strikes Reform Act of 2012 and was only requesting the forcible rape conviction be stricken pursuant to *Romero*. As such, we treat the November 18, 2025 hearing as a section 1172.75 resentencing.

[5] The record on appeal does not include an amended abstract of judgment dated after the November 18, 2024 hearing. The operative abstract appears to be the amended abstract filed on July 26, 2024, which reflects the section 667.5, subdivision (b) enhancements being stricken.

Appellant filed a notice of appeal from the orders made on November 18, 2024.

## DISCUSSION

### I.    Restitution Fine

Appellant contends that the $5,000 restitution fine imposed pursuant to section 1202.4, subdivision (b) must be vacated pursuant to section 1465.9. Respondent agrees with regard to the restitution fine and, additionally, the corresponding parole revocation fine. We agree the restitution fine must be vacated but conclude the parole revocation fine should remain.

Effective January 1, 2025—less than two months after appellant's resentencing—subdivision (d) was added to section 1465.9 and provides, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to [s]ection 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." (§ 1465.9, subd. (d), enacted in Assem. Bill No. 1186 (2023–2024 Reg. Sess.) (Stats. 2024, ch. 805, § 1).)

As the court in the present case did not impose a new fine but rather "affirmed" the original judgment with the exception of striking the section 667.5, subdivision (b) enhancements,[6] and the judgment following the resentencing is not yet final, we conclude

---

[6]    Respondent asserts the trial court did not impose the restitution fine nor parole revocation fine at the time of resentencing and therefore it must be stricken for that reason. Generally, respondent is correct. (See *People v. Tillman* (2000) 22 Cal.4th 300, 303; *People v. Frederickson* (2020) 8 Cal.5th 963, 1027 [striking a restitution fine from the record and the abstract of judgment where the court failed to orally impose the fine during the sentencing hearing]; see also *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34 [resentencing necessarily requires a court to impose a new sentence, including any fines, fees, and assessments]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [the oral pronouncement of judgment controls].)

However, here, the trial court did not repronounce appellant's sentence, not even appellant's prison sentence. Rather, the court denied appellant's *Romero* motion and directed the clerk to prepare an amended abstract reflecting "the [c]ourt's rulings, striking

5.

appellant is entitled to have the restitution fine stricken. (See *People v. Salstrom* (2025) 117 Cal.App.5th 596, 601, review granted on another issue Mar. 11, 2026, S295038; see also *In re Estrada* (1965) 63 Cal.2d 740, 744–745 [absent evidence to the contrary, we presume ameliorative criminal statutes apply retroactively to all nonfinal judgments].) As appellant's restitution fine was first imposed approximately 17 years ago, it is now unenforceable and uncollectible under section 1465.9, subdivision (d).

Although appellant does not raise the issue, respondent contends the $5,000 parole revocation fine imposed pursuant to section 1202.45, subdivision (a) should also be vacated. We disagree.

Respondent reasons that because a parole revocation fine amount must be equivalent to that of the restitution fine (see § 1202.45, subd. (a)), vacating the restitution fine would require that the parole revocation fine be vacated as well. To support this contention, respondent cites *People v. Kopp* (2025) 19 Cal.5th 1.

*Kopp* does not support respondent's contention. Rather, in *Kopp*, the court vacated any unpaid portion of the defendant's restitution fine under section 1465.9, subdivision (d), but nonetheless remanded the matter because a parole revocation fine is still required and was to be set in the same amount as the restitution fine would have been had the court properly considered the defendant's ability to pay and stayed. (*People v. Kopp, supra*, 19 Cal.5th at pp. 12, 24, 30.)

Additionally, section 1465.9 makes no mention of the parole revocation restitution fine under section 1202.45. We are not to insert a term that was not included in a statute or omit a term that has been included. (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925.) Further, although a parole revocation fine is closely related to a restitution fine in

the prison priors, the [section] 667.5[, subdivision] (b) priors. **Otherwise the judgments are affirmed**." (Bold added.) It appears the court intended to reimpose the same sentence with the exception of the section 667.5, subdivision (b) enhancements, which included the restitution fine and parole revocation fine.

that they must be imposed at the same time and in the same amounts, a parole revocation fine serves a different purpose, i.e., to deter a prisoner from violating parole, to incentivize a prisoner's rehabilitation while on parole, and to recoup costs if parole is violated. (*People v. Preston* (2015) 239 Cal.App.4th 415, 427, 429.) That purpose is still relevant where, as here, an inmate might one day be paroled. No principle or authority supports vacating the parole revocation fine.

We therefore reject respondent's argument that we must strike the parole revocation fine.

Accordingly, we partially accept respondent's concession and modify the judgment to vacate any remaining balance on appellant's restitution fine under section 1202.4, subdivision (b). The $5,000 parole revocation fine imposed pursuant to section 1202.45 must remain intact.

## II. Custody Credits

Appellant contends the court erred by failing to calculate his custody credits up to the time of resentencing. He asserts the matter must be remanded for such a calculation. Appellant is mistaken.

As respondent points out, because the sentence on the Kings County case was ordered to run consecutively to the sentence in the San Joaquin County case, at the time of his resentencing on November 18, 2024, appellant appeared to have been still serving his sentence on the San Joaquin County case. Appellant does not dispute this or contend he had served any time on his sentence for the Kings County case. He therefore has not established he was entitled to any custody credits on the Kings County case.

Appellant has also not cited any authority that supports his apparent position that the Kings County court was required to calculate his custody credits for the sentence in his San Joaquin County case. He only cites general authority that when a case is remanded to the trial court for resentencing, the court is required to update calculation of actual time served. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 23–24.) But this

7.

precept applies where "a prison term already in progress is modified" "during the term of imprisonment." (See *id*., at pp. 23, 29; see also § 2900.1.) Here appellant was only before the court with regard to the Kings County case, (see § 1172.75, subd. (b) [correctional department must inform "the sentencing court that imposed the enhancement" of a defendant's potential eligibility for resentencing]), and as we have stated, his term of imprisonment for that case had not yet begun.

We acknowledge that under other circumstances, a court may be required to calculate custody credits on a sentence imposed by another county. (See *People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1126 [in a *determinate* sentence case, sentencing court's imposition of a consecutive sentence "replaced" another county's sentence; the second county became the sentencing court].) Appellant has not, however, established that the present case presents such a circumstance.

Notably, it appears appellant has appeared before the San Joaquin County court for resentencing in the San Joaquin County case pursuant to section 1172.75. He appealed from the judgment following the hearing, and the Third District Court of Appeal reversed and remanded the matter for full resentencing on the ground that he had not been present. (*People v. Fields* (Feb. 28, 2025, C100699) [nonpub. opn.].)[7] The existence of these proceedings illustrate that the San Joaquin County case and the Kings County case are separate from one another, and the San Joaquin County court retains jurisdiction over matters pertaining to the San Joaquin County case.

### DISPOSITION

The judgment is modified to reflect the $5,000 restitution fine imposed pursuant to section 1202.4, subdivision (b) is vacated pursuant to section 1465.9, subdivision (d). The trial court is directed to cause an amended abstract of judgment to be prepared

---

[7] On our own motion, we take judicial notice of the unpublished opinion in this case. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

reflecting this modification and forward it to the appropriate authorities. As so modified, the judgment is affirmed.